MELINDA S. RIECHERT, State Bar No. 65504
mriechert@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel:  650.843.4000
Fax:  650.843.4001

HIEN NGUYEN, State Bar No. 229794
hnguyen@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:  213.612.2500
Fax:  213.612.2501

Attorneys for Defendant
Owen & Minor Distribution, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

WILLIAM SPEAR,

　　　　　　Plaintiff,

　　vs.

OWENS & MINOR DISTRIBUTION,
INC., a Virginia corporation;
and DOES 1 to 150, inclusive,

　　　　　　Defendants.

Case No. CV 13-00360-MMM (AJWx)

[Los Angeles Sup. Ct. Case No. BC497342]

**NOTICE OF REMOVAL OF DEFENDANT OWENS & MINOR DISTRIBUTION, INC.**

**[28 U.S.C. §§ 1332, 1441, AND 1446]**

Complaint Filed:  December 12, 2012

FILED
CLERK, U.S. DISTRICT COURT

JAN 17 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

COPY

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 23796732.3

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF WILLIAM SPEAR AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Owens & Minor Distribution, Inc. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, for the County of Los Angeles, to this Court pursuant to 28 U.S.C. sections 1332, 1441, and 1446. Removal is based on the following grounds:

## I.    PROCEDURAL BACKGROUND

1.    On December 12, 2012, Plaintiff William Spear ("Plaintiff") filed an unverified complaint in the Superior Court of the State of California, for the County of Los Angeles, entitled *William Spear v. Owens & Minor Distribution, Inc., and DOES 1 to 150, inclusive*, Case No. BC497342, against Defendant, alleging eight causes of action:  (1) disability discrimination in violation of the Fair Employment & Housing Act ("FEHA"); (2) failure to engage in the interactive process in violation of the FEHA; (3) failure to provide a reasonable accommodation in violation of the FEHA; (4) retaliation for seeking leave under the California Family Rights Act; (5) failure to pay overtime; (6) failure to provide meal and rest periods; (7) failure to provide accurate itemized wage statements; and unfair business competition under California Business & Professions Code §§ 17200 *et seq.* (the "Complaint").

2.    On December 18, 2012, Defendant was served with Plaintiff's summons, a copy of the Complaint, and Civil Case Cover Sheet.  Attached hereto as **"Exhibit A"** is a true and correct copy of Plaintiff's service.

3.    On January 14, 2013, Defendant filed an Answer to Plaintiff's Complaint with the Los Angeles Superior Court and served the Answer on Plaintiff's counsel.  Attached hereto as **"Exhibit B"** is a true and correct copy of Defendant's Answer.

4.    No other proceedings have been filed in this action.  Exhibits A and B

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 23796732.3

1

Def.'s Notice of Removal

1    constitute all process, pleadings, and orders that have been filed in this action.

2    **II.    TIMELY REMOVAL**

3    5.    This Notice of Removal is timely filed, pursuant to 28 U.S.C. section

4    1446(b) because it is filed within 30 days of service of Plaintiff's summons and

5    Complaint on Defendant.  No previous Notice of Removal has been filed or made

6    with this Court for the relief sought.

7    **III.    DIVERSITY JURISDICTION EXISTS**

8    6.    This action is one over which this Court has original jurisdiction under

9    28 U.S.C. section 1332(a) and is one which may be removed by Defendants pursuant

10   to 28 U.S.C. section 1441.  This is a civil action that is between citizens of different

11   states and where Plaintiff appears more than likely to claim an amount in controversy

12   that exceeds $75,000, exclusive of interest and costs.

13   **A.    Complete Diversity of Citizenship Exists.**

14   7.    Complete diversity exists under 28 U.S.C. section 1332 between

15   Plaintiff and all Defendant because Plaintiff and Defendant are citizens of different

16   states.  Further, in compliance with 28 U.S.C. section 1441(b), "none of the parties in

17   interest properly joined and served as Defendants is a citizen of the State in which

18   [this] action is brought."

19   8.    "At all material times to this Complaint, Plaintiff William Spear

20   (hereinafter 'Plaintiff') was a resident of Los Angeles County, California.  *See*

21   Compl., ¶ 1.  According to his personnel file, Plaintiff's last known home address is

22   in California.  Declaration ("Decl.") of Rosemarie W. France, ¶ 3.  Defendant is

23   informed and believes that Plaintiff is now and at all relevant times has been, a

24   resident and citizen of California.

25   9.    For diversity purposes, a corporation is a citizen of the state in which it

26   is incorporated and the state that constitutes its principal place of business.  28 U.S.C.

27   § 1332(c)(1).  The "principal place of business" for the purpose of determining

28   diversity subject matter jurisdiction under 28 U.S.C. section 1332 refers "to the place

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

2

Def.'s Notice of Removal

DB2/ 23796732.3

1   where a corporation's officers direct, control, and coordinate the corporation's

2   activities . . . . [I]n practice it should normally be the place where the corporation

3   maintains its headquarters-provided that the headquarters is the actual center of

4   direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office

5   where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 130

6   S.Ct. 1181, 1192 (2010).

7       10.    Defendant is, and at all relevant times was, a corporation formed under

8   the laws of the Commonwealth of Virginia. *See* Compl., ¶ 2[1]; Declaration, ¶ 2.

9       11.    Defendant is, and was at the time of the inception of this civil action,

10  and at all times intervening, a corporation organized and existing under and by virtue

11  of the laws of the Commonwealth of Virginia with its principal place of business and

12  headquarters (where the majority of its executive and administrative functions are

13  performed) in Mechanicsville, Virginia. Decl. ¶ 2. Moreover, its chief executive

14  officer, president, and chief operating officer all work in Virginia. Decl. ¶ 2. The

15  high level officers who direct, control, and coordinate Defendant's day-to-day

16  activities are located in Virginia. Decl. ¶ 2. Accordingly, Defendant is not now, and

17  was not at the time of the filing of the action, a citizen and/or resident of the State of

18  California within the meaning of the Acts of Congress relating to the removal of

19  causes. *See Hertz v. Friend*, 130 S. Ct. 1181, 1186 (2010) ("we conclude that the

20  phrase 'principal place of business' refers to the place where the corporation's high

21  level officers direct, control, and coordinate the corporation's activities.")

22      12.    Based on these facts, Defendant Owens & Minor Distribution, Inc. is a

23  citizen of Virginia for the purposes of determining diversity. 28 U.S.C. §1332(c)(1)..

24  (*Id.*)

25      13.    Under 28 U.S.C. section 1441(a), the citizenship of Defendants sued

26

27  [1] The Complaint caption names Owens & Minor Distribution, Inc. as the Defendant and "Owens & Minor" as the named defendant throughout the Complaint, but Paragraph 2 of the Complaint otherwise appears to be a clerical error in stating "Williams & Minor" as the defendant.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

3

Def.'s Notice of Removal

DB2/ 23796732.3

1  under fictitious names shall be disregarded.  The inclusion of "Doe" defendants in

2  Plaintiff's Complaint has no effect on removability.  *Newcombe v. Adolf Coors Co.*,

3  157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441(a) (stating that for purposes

4  of removal, the citizenship of defendants sued under fictitious names shall be

5  disregarded).  In determining whether diversity of citizenship exists, only the named

6  defendants are considered.  *Id.*

7        14.    Thus, based on Plaintiff's California citizenship and Defendant's

8  Virginia citizenship, complete diversity of citizenship exists.

9        **B.    The Amount-in-Controversy Requirement Is Satisfied.**

10       15.    Removal is proper if, from the allegations of the Complaint and the

11  Notice of Removal, it is more likely than not that the amount in controversy exceeds

12  $75,000.  *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir.

13  1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

14       16.    In determining whether the jurisdictional minimum is met, courts

15  consider all recoverable damages, including emotional distress damages, punitive

16  damages, statutory penalties, and attorneys' fees.  *Hunt v. Washington State Apple

17  Advertising Comm'n*, 432 U.S. 333, 347-48 (1977) (superseded by statute on other

18  grounds); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v.

19  JSS Scandinavia*, 142 F. 3d 1150, 1155-56 (9th Cir. 1998).

20       17.    Plaintiff does not specifically quantify his damages in his Complaint.

21  While Defendants deny any liability as to Plaintiff, the amount in controversy is

22  determined based on Plaintiff's allegations in the complaint.[2]  Plaintiff's allegations

23  demonstrate that it is more likely than not that the amount in controversy exceeds

24  $75,000.

---

25

26  [2]    *See Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal.
2008) ("[i]n measuring the amount in controversy, a court must assume that the
27  allegations of the complaint are true and that a jury will return a verdict for the
plaintiff on all claims made in the complaint. The ultimate inquiry is what amount is
put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually*
28  owe.").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

4

Def.'s Notice of Removal

DB2/ 23796732.3

18.    Plaintiff alleges that he was discriminated against, unlawfully treated and terminated and retaliated against and improperly misclassified as exempt, resulting in alleged Labor Code violations, including unpaid overtime, unpaid meal and rest period premium wages, and inaccurate wage statements.  Plaintiff seeks:

- general damages;
- special damages;
- compensatory damages;
- consequential and incidental damages;
- mental and emotional distress damages;
- penalties;
- punitive damages;
- prejudgment interest;
- reasonable attorneys' fees;
- costs of suit; and
- such other and further relief as the Court deems proper and just.

*See* Compl., Prayer for Relief, ¶ 63.

19.    Plaintiff was employed by Defendant for a little over three years from March 2009 until he was terminated on April 9, 2012. *See* Compl., ¶¶ 6, 8.

20.    Plaintiff earned an annualized salary of approximately $70,000 per year, which approximately equals $5,833.33 per month ($70,000 ÷ 12 months = $5,833.33) or $33.65 per hour ($70,000 ÷ 52 weeks a year = $1,346.15 ÷ 40 legal maximum regular hours = $33.65 regular hourly rate).  Decl., ¶ 3.

21.    Plaintiff alleges that he was misclassified as exempt (Compl., ¶ 7), resulting in significant damages from alleged Labor Code violations, including unpaid overtime at an overtime rate of $50.48 ($33.65 regular hourly rate x 1.5 overtime premium rate under Labor Code § 510 = $50.48) for each alleged hour worked over 8 hours in a day and/or over 40 hours in a week over the course of three years of employment; unpaid meal and rest period premium wages under Labor

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

Def.'s Notice of Removal

DB2/ 23796732.3

1   Code § 226.7 for damages of $33.65 premium wage pay per work day for 780 days

2   (260 work days a year x 3 years of employment = 780), and inaccurate wage

3   statements under Labor Code § 226(e)(1) with a maximum aggregate penalty of

4   $4,000.

5       22.   Plaintiff alleges that he suffered emotional distress in an unspecified

6   amount.  Complaint, ¶ 63:12.  Courts have held that such allegations alone are

7   sufficient to satisfy the amount in controversy requirement.  *See Egan v. Premier*

8   *Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002) (where plaintiff sought

9   damages for embarrassment, humiliation, and willful, malicious and outrageous

10  conduct, the court held that the defendant could "easily make the case that the claims

11  are more likely than not to reach the federal amount in controversy requirement").

12      23.   In employment actions, juries in California and elsewhere have

13  returned verdicts with substantial awards for punitive and compensatory damages

14  that far exceed $75,000.  *See Aucina v. Amoco Oil Co.,* 871 F. Supp. 332 (S.D. Iowa

15  1994) ("[b]ecause the purpose of punitive damages is to capture the Defendants'

16  attention and deter others from similar conduct, it is apparent that the plaintiff's claim

17  for punitive damages alone might exceed [the jurisdictional amount]"); *Singer v.*

18  *State Farm Mut. Auto. Ins. Co.*, 116 F. 3d 373, 376-377 (9th Cir. 1997) (holding that

19  where a complaint does not allege a specific dollar amount, the case is removable if

20  the removing Defendant shows by a preponderance of the evidence that the

21  jurisdictional amount is present); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d

22  1029, 1031-35 (N.D. Cal. 2002) (holding that Plaintiff's damage claim, including lost

23  wages, medical expenses, emotional distress and attorneys' fees, was enough to put

24  the amount in controversy above $75,000).

25      24.   In addition to compensatory damages, Plaintiff's claims for punitive

26  damages are part of the amount in controversy when determining diversity

27  jurisdiction.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *see also*

28  *Aucina*, 871 F. Supp. at 334 (S.D. Iowa 1994) ("[b]ecause the purpose of punitive

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

6

Def.'s Notice of Removal

DB2/ 23796732.3

1   damages is to capture the Defendant's attention and deter others from similar

2   conduct, it is apparent that the plaintiff's claim for punitive damages alone might

3   exceed [the jurisdictional amount]"). Because of Plaintiff's claims for punitive

4   damages, combined with claims for compensatory and punitive damages, the amount

5   in controversy more likely than not exceeds the $75,000 jurisdictional threshold.

6       25.   Plaintiff also seeks to recover attorneys' fees in an amount to be

7   determined at trial. *See* Compl., Prayer for Relief, ¶ 63. Courts have held that an

8   award of attorneys' fees, if such fees are authorized, may be considered for purposes

9   of calculating the amount in controversy. *Galt G/S v. JSS Scandinavia,* 142 F.3d

10   1150, 1155-56 (9th Cir. 1998). Under California Government Code § 12965(b),

11   attorneys' fees for cases brought under California's FEHA are authorized. Thus, the

12   amount of attorneys' fees incurred by Plaintiff in connection with prosecuting the

13   instant action would increase the above figures even more, and certainly in excess of

14   the jurisdictional threshold of this Court.

15       26.   Although Defendant denies Plaintiff's factual allegations and denies

16   that he is entitled to the sought-after relief, based on Plaintiff's allegations and prayer

17   for relief, the amount in controversy associated with the claims alleged in the

18   Complaint, if proven, would exceed the $75,000 threshold set forth under 28 U.S.C.

19   § 1332(a).

20   **IV.   THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN**

21   **SATISFIED**

22       27.   The documents attached hereto as **"Exhibit A"** and **"Exhibit B"**

23   constitute all the process, pleadings, and orders filed in this action in the Superior

24   Court of the State of California, for the County of Los Angeles, of which Defendants

25   are aware.

26       28.   Venue is proper in this district, pursuant to 28 U.S.C. section 1441(a),

27   because the District Court for the Central District of California is the judicial district

28   embracing the place where the state court case is pending.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

7

Def.'s Notice of Removal

DB2/ 23796732.3

29.     Defendants will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California, for the County of Los Angeles, as required under 28 U.S.C. section 1446(d).

30.     If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument in support of their position that this case was properly removed.

**NOW THEREFORE,** Defendants respectfully request that this action be removed from the Superior Court of the State of California, for the County of Los Angeles, to the United States District Court for the Central District of California, and that all proceedings hereinafter in this matter take place in the United States District Court for the Central District of California.

Dated:  January 17, 2013                    MORGAN, LEWIS & BOCKIUS LLP



By _____

MELINDA S. RIECHERT
HIEN NGUYEN
Attorneys for Defendant
Owens & Minor Distribution, Inc.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

8

Def.'s Notice of Removal

DB2/ 23796732.3

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

OWENS & MINOR DISTRIBUTION, INC., a Virginia corporation; and
DOES 1 to 150, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

WILLIAM SPEAR,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
**OF ORIGINAL FILED**
Los Angeles Superior Court

DEC 12 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO despues de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of Los Angeles
111 North Hill Street, Los Angeles, CA  90012

CASE NUMBER:
*(Número del Caso):*

B C 4 9 7 3 4 2

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Darren J. Campbell, 2030 Main Street, Suite 1300, Irvine, CA  92614; (949) 260-4901

DATE:
*(Fecha)*   DEC 12 2012

JOHN A. CLARKE

Clerk, by   Shaunya Wesley , Deputy
*(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Owens & Minor Distribution, Inc. A Virginia Corporation

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 12 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

1   Darren J. Campbell, Bar No. 223088
    Law Offices of Darren J. Campbell
2   2030 Main Street, Suite 1300
    Irvine, California 92614
3   Telephone: (949) 260-4901
    Facsimile: (949) 271-4046
4
5   Chris M. Heikaus Weaver, Bar No. 231907
    Heikaus Weaver LLP
6   3877 Twelfth St.
    Riverside, CA 92501
7   Telephone: (951) 314-2153
    Facsimile: (951) 344-1762
8   Email: cheikausweaver@gmail.com
9
    Attorneys for Plaintiff
10  WILLIAM SPEAR

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA
                       COUNTY OF LOS ANGELES
12
                                              BC 497342
13
    WILLIAM SPEAR,                    )  Case No.
14                                    )  COMPLAINT AND DEMAND FOR
            Plaintiff,                )           JURY TRIAL
15                                    )
    v.                                )  1. DISABILITY DISCRIMINATION (GOVT
16                                    )     CODE §§ 12940 ET SEQ);
                                      )  2. FAILURE TO ENGAGE IN THE
17  OWENS & MINOR DISTRIBUTION,       )     INTERACTIVE PROCESS (GOVT CODE
    INC., a Virginia corporation; and DOES 1 )     §§ 12940 ET SEQ);
18  to 150, inclusive,                )  3. FAILURE TO PROVIDE A
                                      )     REASONABLE ACCOMMODATION
19          Defendants.               )     (GOVT CODE §§ 12940 ET SEQ);
                                      )  4. RETALIATION FOR SEEKING LEAVE
20  _____     )     UNDER CFRA (GOVT CODE §§ 12940
                                      )     ET SEQ);
21                                    )  5. FAILURE TO PAY OVERTIME (LABOR
                                      )     CODE §§ 510, 1194, 1198);
22                                    )  6. FAILURE TO PROVIDE MEAL AND
23                                         REST PERIODS (LABOR CODE §§
                                           226.7, 512);
24                                      7. FAILURE TO PROVIDE ITEMIZED
                                           WAGE STATEMENTS (LABOR CODE §
25                                         226); and
26                                      8. UNFAIR BUSINESS COMPETITION
                                           (BUS. & PROF. CODE § 17200 ET SEQ.).
27
28

                                      i
                        COMPLAINT FOR DAMAGES

## GENERAL ALLEGATIONS

1.      At all times material to this Complaint, Plaintiff William Spear (hereinafter "Plaintiff") was a resident of Los Angeles County, California.

2.      At all times material to this Complaint, Defendant Williams & Minor Distribution, Inc. is a Virginia corporation doing business in Los Angeles County, California (hereinafter "Williams & Minor").

3.      Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, including those designated herein as DOES 1 through 150, inclusive, are responsible in some manner for the occurrences and happenings, as well as such acts and omissions as are more fully alleged herein, and that Plaintiff's injuries, damages and losses, as alleged below, were and are the direct and proximate result of the actions or omissions of said Defendants.

4.      Furthermore, each of the Defendants are sued as the principals, agents, partners, servants, employees, officers, directors, subsidiaries, corporate affiliates, alter egos, conspirators and co-conspirators, joint ventures of each of the remaining Defendants.  Each of the Defendants were acting within the course, scope and authority of such relationship, and with the knowledge, consent, approval or ratification of the remaining Defendants.

5.      Does 1 through 150 are sued under the fictitious names pursuant to the Code of Civil Procedure section 474.  Plaintiff is informed and believes and on that basis alleges, that each Respondent sued under such fictitious names is in some manner responsible for the wrongs and damages as alleged below, and in so acting was functioning as the agent, servant, partner and employee of the other Defendants and in doing the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee with the permission and consent of the other Defendants.

6.      Plaintiff worked for Owens & Minor since March 2009, most recently as a Sr. OMSolutions Clinical Analyst.  In that position he worked with clients on supply chain management.

7.      Owens & Minor misclassified Plaintiff as an exempt employee and failed to pay him overtime. Plaintiff's job involved routine job operations.  Plaintiff supervised no other employees and did not exercise discretion or independent judgment to any significant degree.  But Plaintiff routinely worked well in excess of 40 hours per week without receiving overtime compensation.  Owens & Minor also failed to relieve him of all duties to permit him to take uninterrupted 30 minute meal breaks.

2

**COMPLAINT FOR DAMAGES**

8.      In September 2011, Plaintiff notified Owens & Minor that he needed to go out for serious back surgery and recuperation in November 2011. Plaintiff returned to work in January 2012 with doctor's restrictions based on his inability to travel (both by air and by car). Rather than work with Plaintiff to accommodate his restrictions, Owens & Minor pressured Mr. Spear to return to work and do so without restrictions. On March 10, 2012, Plaintiff provided Owens & Minor with a return to work form from his surgeon, indicating that he still had temporary restrictions. On April 9, 2012, he was terminated. The stated reason was that his position was eliminated; he was specifically told that his performance was excellent. No attempt was made to find him another position within the company. In fact, Owens & Minor terminated Plaintiff because of his disability and his use of medical leave.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES AND GOVERNMENT TORT CLAIM REQUIREMENTS.

9.      On or around April 25, 2012, Plaintiff filed a complaint against Owens & Minor with California's Department of Fair Employment and Housing ("DFEH") alleging multiple violations of California's Fair Employment and Housing Act ("FEHA"). Plaintiff immediately received a Right To Sue letter from the DFEH, which is attached hereto as Exhibit A.

## FIRST CAUSE OF ACTION

## DISABILITY-BASED DISCRIMINATION (GOVT CODE §§ 12940 ET SEQ)

(Against Defendants Owens & Minor and DOES 1-150)

10.      Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

11.      At all times herein mentioned, the FEHA, embodied in Government Code section 12940 was in full force and effect. This act prohibits discrimination, harassment, and retaliation based on age, as well as on other grounds.

12.      Plaintiff believes and thereon alleges that Defendant Owens & Minor is a qualified employer subject to the requirements of FEHA.

13.      Plaintiff further believes and thereon alleges that Owens & Minor, and each of the defendants, discriminated against him on the basis of his physical disability by terminating his employment.

14.      Plaintiff believes and thereon alleges that any claims of performance issues or lack of work as

3

## COMPLAINT FOR DAMAGES

1    Owens & Minor's basis for termination of Plaintiff are pretextual and meant to disguise the discriminatory

2    reasons his treatment.

3    15.    As a direct and proximate cause of the discrimination, Plaintiff has suffered and continues to suffer

4    general, compensatory, and special damages, including lost wages and benefits, future loss of wages and

5    benefits, and emotional distress and physical illness in an amount unknown, but according to proof at trial.

6    16.    Moreover, Plaintiff is entitled to attorneys' fees and costs for bringing suit alleging these violations.

7    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees as a result of his FEHA

8    claims against Owens & Minor, and the other defendants.  Plaintiff is presently unaware of the precise

9    amount of these expenses and fees, but seeks an award of attorneys' fees and costs according to proof at

10   trial.

11   17.    The conduct by Owens & Minor of terminating Plaintiff because of his physical disability was

12   willful and malicious and in conscious disregard of Plaintiff's rights with the intent to vex, injure and annoy

13   him, such as to constitute oppression, fraud and/or malice under California Civil Code § 3294.  Owens &

14   Minor's conduct, as described above, was carried out by its officers, directors and or/managing agents, or

15   by lower level employees, whose conduct was knowingly authorized and ratified by the officers, directors

16   and/or managing agents of the Company.  Accordingly, Plaintiff is entitled to punitive damages in an

17   amount appropriate to punish and make an example of Defendants.

18                               **SECOND CAUSE OF ACTION**

19   **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (GOVT CODE §§ 12940 ET SEQ)**

20                  (Against Defendants Owens & Minor and DOES 1-150)

21   18.    Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if

22   fully set forth herein.

23   19.    At all times herein mentioned, the FEHA, embodied in Government Code section 12940 was in full

24   force and effect.  This act requires that employers engage employees known to have physical disabilities or

25   medical conditions in the interactive process.

26   20.    Plaintiff believes and thereon alleges that Owens & Minor is a qualified employer subject to the

27   requirements of FEHA.

28   21.    Owens & Minor failed to engage Plaintiff in the interactive process.  Owens & Minor knew that

---

4

**COMPLAINT FOR DAMAGES**

Plaintiff had a disability and was on a leave but made no offer of any reasonable accommodation.

22.     As a result of Owens & Minor's failure to engage with Plaintiff in the interactive process, Plaintiff was discriminated against based on his physical disability and was never given a reasonable accommodation.

23.     Plaintiff believes and thereon alleges that any claims of performance issues or lack of work as Owens & Minor's basis for any termination of Plaintiff are pretextual and meant to disguise the discriminatory reasons for his treatment.

24.     As a direct and proximate cause of the discrimination, Plaintiff has suffered and continues to suffer general, compensatory, and special damages, including lost wages and benefits, future loss of wages and benefits, and emotional distress and physical illness in an amount unknown, but according to proof at trial.

25.     Moreover, Plaintiff is entitled to attorneys' fees and costs for bringing suit alleging these violations. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees as a result of his FEHA claims against Owens & minor, and the other defendants.  Plaintiff is presently unaware of the precise amount of these expenses and fees, but seeks an award of attorneys' fees and costs according to proof at trial.

26.     Based on Owens & Minor's, and the other defendants' course of conduct, which was willful, malicious, knowing, intentional, and in conscious disregard for Plaintiff's rights and safety, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof at trial to punish Owens & Minor, and the other defendants and deter similar conduct in the future.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE A REASONABLE ACCOMMODATION (GOVT CODE §§ 12940 ET SEQ)

(Against Defendants Owens & Minor and DOES 1-150)

27.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

28.     At all times herein mentioned, the FEHA, embodied in Government Code section 12940 was in full force and effect.  This act requires that employers provide employees with known physical disabilities or

5

COMPLAINT FOR DAMAGES

1    medical conditions with reasonable accommodations.

2    29.    Plaintiff believes and thereon alleges that Owens & Minor is a qualified employer subject to the

3    requirements of FEHA.

4    30.    Owens & Minor failed to provide a reasonable accommodation relating to Plaintiff's back problem

5    and recuperation from back surgery.

6    31.    Plaintiff believes and thereon alleges that any claims of performance issues or lack of work as

7    Owens & Minor's basis for the termination of Plaintiff are pretextual and meant to disguise the

8    discriminatory reasons for his treatment.

9    32.    As a direct and proximate cause of the discrimination, Plaintiff has suffered and continues to suffer

10   general, compensatory, and special damages, including lost wages and benefits, future loss of wages and

11   benefits, and emotional distress and physical illness in an amount unknown, but according to proof at trial.

12   33.    Moreover, Plaintiff is entitled to attorneys' fees and costs for bringing suit alleging these violations.

13   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees as a result of his FEHA

14   claims against Owens & Minor, and the other defendants.  Plaintiff is presently unaware of the precise

15   amount of these expenses and fees, but seeks an award of attorneys' fees and costs according to proof at

16   trial.

17   34.    Based on Owens & Minor's, and the other defendants' course of conduct, which was willful,

18   malicious, knowing, intentional, and in conscious disregard for Plaintiff's rights and safety, Plaintiff seeks

19   an award of punitive and exemplary damages in an amount according to proof at trial to punish Owens &

20   Minor, and the other defendants and deter similar conduct in the future.

21                              **FOURTH CAUSE OF ACTION**

22   **RETALIATION FOR SEEKING LEAVE UNDER THE CALIFORNIA FAMILY RIGHTS ACT**

23                              **(GOVT CODE §§ 12945.2 ET SEQ)**

24                   (Against Defendants Owens & Minor and DOES 1-150)

25   35.    Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if

26   fully set forth herein.

27   36.    At all times herein mentioned, the California Family Rights Act, embodied in Government Code §

28   12945.2, was in full force and effect.  This act provides for 12 weeks of leave for qualified employees for

**COMPLAINT FOR DAMAGES**

1  their own serious health condition.

2  37.   Plaintiff suffered from a serious health condition in the form of his back problem and subsequent

3  surgery and rehabilitation.

4  38.   Plaintiff exercised his right to a leave under the CFRA because of his own serious health condition.

5  39.   Owens & Minor discriminated against Plaintiff based on his exercise of the right to family care and

6  medical leave in violation of the CFRA by terminating him.

7  40.   As a direct and proximate cause of the discrimination, Plaintiff has suffered and continues to suffer

8  general, compensatory, and special damages, including lost wages and benefits, future loss of wages and

9  benefits, and emotional distress and physical illness in an amount unknown, but according to proof at trial.

10  41.   Moreover, Plaintiff is entitled to attorneys' fees and costs for bringing suit alleging these violations.

11  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees as a result of his FEHA

12  claims against Owens & Minor, and the other defendants.  Plaintiff is presently unaware of the precise

13  amount of these expenses and fees, but seeks an award of attorneys' fees and costs according to proof at

14  trial.

15  42.   Based on Owens & Minor's, and the other defendants' course of conduct, which was willful,

16  malicious, knowing, intentional, and in conscious disregard for Plaintiff's rights and safety, Plaintiff seeks

17  an award of punitive and exemplary damages in an amount according to proof at trial to punish Owens &

18  Minor, and the other defendants and deter similar conduct in the future.

19  ## FIFTH CAUSE OF ACTION

20  ## FAILURE TO PAY OVERTIME WAGES/MISCLASSIFICATION (CAL. LABOR CODE §§

21  ## 203, 510, 1194, 1198)

22  (Against Defendants Owens & Minor and DOES 1-150)

23  43.   Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if

24  fully set forth herein.

25  44.   California Labor Code sections 510, 1198, and 8 Cal. Code Regs. Section 11070, as amended,

26  provide that employees in California shall not be employed more than eight hours in any workday unless

27  they receive additional compensation beyond their regular wages in amounts specified by law.

28  45.   California Labor Code section 1194 provides that an employee who has not been paid overtime

7

**COMPLAINT FOR DAMAGES**

1  compensation as required by Labor Code sections 510 and 1198 may recover the unpaid balance of the full

2  amount of such overtime compensation, together with costs of suit, and interest thereon, in a civil action.

3  46.   At all relevant times mentioned herein, and within the past four years, Plaintiff worked more than

4  eight hours in a workday and/or more than 40 hours in a workweek.

5  47.   At all relevant times herein mentioned, Plaintiff was paid on a salary basis, but he was not an

6  exempt employee under any of the California Wage Orders.

7  48.   At all relevant times herein mentioned, Defendants, and each of them, knowingly failed to pay

8  Plaintiff overtime compensation for the hours he worked beyond eight hours in a workday and/or 40 hours

9  in a workweek, as required by the California Labor Code.

10  49.   By virtue of Defendants, and each of their, knowing willful, and unlawful failure to pay additional

11  compensation to Plaintiff for his time worked beyond eight hours in a workday and/or 40 hours in a

12  workweek, Plaintiff has suffered, and will continue to suffer, damages in amounts which will be ascertained

13  according to proof at trial.

14  50.   Plaintiff is entitled to penalties under Labor Code section 203 for Owens & Minor's failure to

15  properly pay him all wages due and owing upon his resignation.

16  ### SIXTH CAUSE OF ACTION

17  ### FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE §§ 226.7, 512)

18  (Against Defendants Owens & Minor and DOES 1-150)

19  51.   Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if

20  fully set forth herein.

21  52.   California Labor Code section 512 and 8 Cal. Code Regs. Section 11070, Subdiv. 11(A)-(B) require

22  that an employer provide its employees with a 30-minute meal break for every five-hour increment of time

23  worked.

24  53.   California Labor Code section 226.7 further provides that for every meal break it fails to provide,

25  the employer must reimburse the employee at a rate of an hour's pay at the employee's regular rate of pay.

26  As discussed above, Defendants, and each of them, not only failed to provide Plaintiff with a meal period,

27  but on numerous occasions actively prevented him from taking his meal period.

28  54.   Subdivision 12(A) of 8 Cal. Code Regs. Section 11070 requires that an employer provide its

8

**COMPLAINT FOR DAMAGES**

1   employees with a 10-minute rest break for every four-hour increment of time worked.

2   55.    California Labor Code section 226.7 and 8 Cal. Code Regs. Section 11070, Subdiv. 12(B) further

3   provide that for every workday in which it fails to provide a rest period during any four-hour increment, the

4   employer must reimburse the employee at a rate of an hour's pay at the employee's regular rate of pay.  As

5   discussed above, Defendants, and each of them, not only failed to provide Plaintiff with two 10-minute rest

6   periods per day, but on numerous occasions actively prevented him from taking any rest period at all.

7   56.    By virtue of Defendants', and each of their, knowing willful, and unlawful failure to provide

8   Plaintiff with a 30-minute uninterrupted meal period and two 10-minute rest periods, Plaintiff has suffered,

9   and will continue to suffer, damages in amounts which will be ascertained according to proof at trial.

### SEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS (CAL. LABOR CODE § 226)

(Against Defendants Owens & Minor and DOES 1-150)

13   57.    Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if

14   fully set forth herein.

15   58.    California Labor Code section 226 requires that an employer shall provide its employees with

16   accurate wage statements including the wages earned and the hours worked.

17   59.    By failing to pay additional compensation to Plaintiff for the time he worked beyond eight hours in

18   a workday and/or 40 hours in a workweek, Defendants, and each of them, have violated the requirement

19   that the total hours worked and all wages earned be included in the wage statement that must be provided to

20   Plaintiff.

21   60.    By virtue of Defendants', and each of their, knowing willful, and unlawful failure to pay additional

22   compensation to Plaintiff for his time worked beyond eight hours in a workday and/or 40 hours in a

23   workweek, Plaintiff has suffered, and will continue to suffer, damages in amounts which will be ascertained

24   according to proof at trial.

### EIGHTH CAUSE OF ACTION

### UNFAIR BUSINESS COMPETITION (BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ)

(Against Defendants Owens & Minor and DOES 1-150)

28   61.    Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if

**COMPLAINT FOR DAMAGES**

fully set forth herein.

62.      Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, engaged in unlawful, unfair, and fraudulent business practices as described herein, including but not limited to, engaging in acts of discrimination and retaliation, failing to pay all wages, including overtime wages, and failing to provide Plaintiff with meals and rest periods.

63.      As a direct and proximate result of Defendants, and each of their unlawful, unfair, and fraudulent business practices, Plaintiff has lost money or property as described herein.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1.  General and compensatory damages including all lost wages, in a sum according to proof at time of trial;

2.  Consequential and incidental damages in a sum according to proof at time of trial;

3.  Damages for mental and emotional distress in a sum according to proof at time of trial;

4.  General and special damages in a sum according to proof at time of trial;

5.  Penalties in a sum according to proof at time of trial;

6.  Payment of Plaintiff's reasonable and actual attorney fees in a sum according to proof at time of trial;

7.  For costs of suit herein incurred;

8.  Pre-judgment interest at the legal prevailing rate;

9.  Punitive and exemplary damages in a sum according to proof at time of trial;

10. Statutory penalties; and

11. For such other and further relief as the Court deems just and proper.


Dated: December 17 2012          LAW OFFICES OF DARREN J. CAMPBELL, APC


By  _____
                                 Darren J. Campbell
                                 Attorney for Plaintiff
                                 WILLIAM SPEAR

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated:  December 12, 2012          **LAW OFFICES OF DARREN J. CAMPBELL, APC**

By _____

Darren J. Campbell
Attorney for Plaintiff
WILLIAM SPEAR

11

**COMPLAINT FOR DAMAGES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

COMPLAINT FOR DAMAGES

# * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH #    E201112R9000-00

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)

TELEPHONE NUMBER (INCLUDE AREA CODE)

**SPEAR, WILLIAM**

**(206)595-1201**

ADDRESS

**133 THE PROMENADE N., UNIT 325**

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **LONG BEACH, CA 90802** | **LOS ANGELES** | **037** |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME

TELEPHONE NUMBER (Include Area Code)

**OWENS & MINOR DISTRIBUTION INC.**

**(909)444-6500**

ADDRESS

DFEH USE ONLY

**455 SOUTH BREA CANYON RD.**

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **CITY OF INDUSTRY, CA 91789** | **LOS ANGELES** | **037** |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE |
|---|---|---|
| **5000** | **04/09/2012** | **00** |

THE PARTICULARS ARE:

I allege that on about or before
04/09/2012 , the following
conduct occurred:

| | | |
|---|---|---|
| X termination | ___ denial of employment | X denial of family or medical leave |
| ___ laid off | ___ denial of promotion | ___ denial of pregnancy leave |
| ___ demotion | ___ denial of transfer | ___ denial of equal pay |
| ___ harassment | X denial of accommodation | ___ denial of right to wear pants |
| ___ genetic characteristics testing | ___ failure to prevent discrimination or retaliation | ___ denial of pregnancy accommodation |
| ___ constructive discharge (forced to quit) | X retaliation | |
| ___ impermissible non-job-related inquiry | ___ other (specify) _____ | |

by    **OWENS & MINOR DISTRIBUTION INC.**

Name of Person

Job Title (supervisor/manager/personnel director/etc.)

because of :

| | | |
|---|---|---|
| ___ sex | ___ national origin/ancestry | X disability (physical or mental) | ___ retaliation for engaging in protected activity or requesting a protected leave or accommodation |
| ___ age | ___ marital status | ___ medical condition (cancer or genetic characteristic) | |
| ___ religion | ___ sexual orientation | | |
| ___ race/color | ___ association | | |

State of what you
believe to be the
reason(s) for
discrimination

EMPLOYEE REQUESTED A LEAVE OF ABSENCE IN APPROXIMATELY SEPTEMBER 2011 FOR A BACK SURGERY IN NOVEMBER 2011. EMPLOYEE WAS RELEASED FROM THE HOSPITAL IN LATE DECEMBER 2011. EMPLOYEE RETURNED TO WORK IN JANUARY 2012 AND REQUESTED ACCOMMODATIONS INCLUDING NO TRAVEL. IN FEBRUARY AND MARCH 2012, EMPLOYEE RECEIVED PRESSURE FROM HIS SUPERVISOR DAVE MENNE AND ROSANN BROWN IN HR FOR FREQUENT UPDATES REGARDING HIS MEDICAL CONDITION AND WORK RESTRICTIONS BUT HE WAS STILL UNABLE TO TRAVEL. EMPLOYER TERMINATED EMPLOYMENT ON APRIL 9, 2012. STATED REASON WAS ELIMINATION OF POSITION, WHICH WAS FALSE AND A PRETEXT FOR DISABILITY

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complaint Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated **04/25/2012**

At  **Long Beach, CA**

DATE FILED   **04/25/2012**

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

# * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH #   E201112R9000-00

DFEH USE ONLY

State of what you
believe to be the
reason(s) for
discrimination

EMPLOYEE REQUESTED A LEAVE OF ABSENCE IN APPROXIMATELY SEPTEMBER 2011 FOR A BACK
SURGERY IN NOVEMBER 2011.  EMPLOYEE WAS RELEASED FROM THE HOSPITAL IN LATE DECEMBER
2011.  EMPLOYEE RETURNED TO WORK IN JANUARY 2012 AND REQUESTED ACCOMMODATIONS,
INCLUDING NO TRAVEL.  IN FEBRUARY AND MARCH 2012, EMPLOYEE RECEIVED PRESSURE FROM HIS
SUPERVISOR DAVE MENNE AND ROSANN BROWN IN HR FOR FREQUENT UPDATES REGARDING HIS
MEDICAL CONDITION AND WORK RESTRICTIONS BUT HE WAS STILL UNABLE TO TRAVEL.  EMPLOYER
TERMINATED EMPLOYMENT ON APRIL 9, 2012; STATED REASON WAS ELIMINATION OF POSITION, WHICH
WAS FALSE AND A PRETEXT FOR DISABILITY DISCRIMINATION AND RETALIATION FOR USING
PROTECTED LEAVE.



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

EDMUND G. BROWN, JR., Governor

Phyllis W. Cheng, Director

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

April 25, 2012

RE:  E201112R9000-00
     SPEAR/OWENS & MINOR DISTRIBUTION INC.

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of
Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your
client's Notice of Case Closure, which constitutes your client's right-to-sue notice. Pursuant
to Government Code section 12962, DFEH will not serve these documents on the
employer.

Please refer to the enclosed Notice of Case Closure for information regarding filling a
private lawsuit in the State of California.

Sincerely,

Tina Walker
District Administrator

Enclosure:  Complaint of Discrimination
            Notice of Case Closure

DFEH-200-06 (01/09)



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                   EDMUND G. BROWN, JR., Governor

Phyllis W. Cheng, Director

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

April 25, 2012

SPEAR, WILLIAM
133 THE PROMENADE N., UNIT 325
LONG BEACH, CA 90802

RE:  E201112R9000-00
     SPEAR/OWENS & MINOR DISTRIBUTION INC.

Dear SPEAR, WILLIAM:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective April 25, 2012 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Tina Walker
District Administrator

cc:   Case File

ROSANN BROWN
HR SERVICES
OWENS & MINOR
9120 LOCKWOOD BLVD.
MECHANICSVILLE, VA 23116

DFEH-200-43 (06/06)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

**BC497342**

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).  There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Michael P. Linfield | 10 | 631 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | Hon. John L. Segal | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Ramona See | 69 | 621 | |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Daniel Buckley | 35 | 411 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. William F. Fahey | 78 | 730 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle** | **323** | **CCW** | |
| Hon. Ronald M. Sohigian | 41 | 417 | other | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | |
| Hon. Fredrick C. Shaller | 46 | 601 | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 1 of 2

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev. 01/12)
LASC Approved  05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –

UNLIMITED CIVIL CASE

Page 2 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint **(Civil only)**.

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

| | | |
|---|---|---|
| LAADR 005 (Rev. 01-12)<br>LASC Adopted 10-03<br>For Mandatory Use | **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION** | Cal. Rules of Court, rule 3.221<br>Page 1 of 2 |

## COURT ADR PROGRAMS

CIVIL:
- Arbitration (non-binding) (Code Civ. Proc. §§ 1141.10-1141.31, Cal. Rules of Court, rules 3.810-3.830, and Local Rules, rule 3.252 et seq.)
- Mediation (Code Civ. Proc. §§ 1775-1775.15, Cal. Rules of Court, rules 3.850-3.860, 3.865-3.872 and 3.890-3.898, Evid. Code §§ 1115-1128, and Local Rules, rule 3.252 et seq.)
  - o Civil Harassment Mediation
  - o Eminent Domain Mediation (Code Civ. Proc. §1250.420)
  - o Small Claims Mediation
- Neutral Evaluation (Local Rules, rule 3.252 et seq.)
- Settlement Conference
  - o Voluntary Settlement Conference (Local Rules, rule 3.252 et seq.)
  - o Retired Judge Settlement Conference

FAMILY (non-custody):
- Arbitration (non-binding) (Fam. Code § 2554 and Local Rules, rule 5.18)
- Mediation (Local Rules, rule 5.18)
- Settlement Conference
  - o Forensic Certified Public Accountant (CPA)
  - o Spanish Speaking Settlement Conference

PROBATE:
- Mediation
- Settlement Conference

### NEUTRAL SELECTION

Parties may select an arbitrator, mediator, or evaluator from the Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Panel, the ADR staff will assign on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

Party Select Panel — The Party Select Panel consists of arbitrators, mediators, and evaluators who have achieved a specified level of experience in court-annexed cases. The parties (collectively) are charged $150.00 per hour for the first three hours of hearing time. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral.

Random Select Panel — The Random Select Panel consists of trained arbitrators, mediators, evaluators, and settlement officers who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that Random Select Panel neutrals provide three hours hearing time per case on a pro bono basis. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral.

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | TELEPHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | 1st Fl. | Lancaster, CA 93534 | 661-974-7275 | 661-945-8173 | AntelopeADR@lasuperiorcourt.org |
| Chatsworth | 9425 Penfield Ave. | 3100 | Chatsworth, CA 91311 | 818-576-8565 | 818-576-8733 | ChatsworthADR@lasuperiorcourt.org |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | 310-603-3072 | 310-223-0337 | ComptonADR@lasuperiorcourt.org |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | 818-500-3160 | 818-548-5470 | GlendaleADR@lasuperiorcourt.org |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | 562-491-6272 | 562-437-3802 | LongBeachADR@lasuperiorcourt.org |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | 562-807-7243 | 562-462-9019 | NorwalkADR@lasuperiorcourt.org |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | 626-356-5695 | 626-666-1774 | PasadenaADR@lasuperiorcourt.org |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | 909-620-3183 | 909-629-6283 | PomonaADR@lasuperiorcourt.org |
| San Pedro | 505 S. Centre St. | 209 | San Pedro, CA 90731 | 310-519-6151 | 310-514-0314 | SanPedroADR@lasuperiorcourt.org |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | 310-260-1829 | 310-319-6130 | SantaMonicaADR@lasuperiorcourt.org |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | 213-974-5425 | 213-633-5115 | CentralADR@lasuperiorcourt.org |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | 310-222-1701 | 310-782-7326 | TorranceADR@lasuperiorcourt.org |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | 818-374-2337 | 818-902-2440 | VanNuysADR@lasuperiorcourt.org |

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

Cal. Rules of Court, rule 3.221
Page 2 of 2

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK                    ALTERNATIVE DISPUTE RESOLUTION (ADR) DEPARTMENT

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act (DRPA) to provide information about the availability of local dispute resolution programs funded under DRPA. For more information regarding these programs, contact the Los Angeles County Department of Community and Senior Services Contracts Administration Office at 213-738-2621. The following is a list of the local dispute resolution programs funded in Los Angeles County.

Superior Court of California, County of Los Angeles, ADR Office 213-974-5425
www.lasuperiorcourt.org/ADR

> **STAFF AND VOLUNTEERS OF THE FOLLOWING AGENCIES ARE NOT EMPLOYEES OF THE SUPERIOR COURT:**

Asian-Pacific American Dispute Resolution Center 213-250-8190 www.apadrc.org

California Academy of Mediation Professionals 818-377-7250 www.campmediation.org

California Lawyers for the Arts, Arbitration, and Mediation Service 310-998-5590
www.calawyersforthearts.org

Center for Civic Mediation 877-473-7658 213-896-6533 www.centerforcivicmediation.org

Center for Conflict Resolution 818-705-1090 www.ccr4peace.org

Centinela Youth Services, City of Hawthorne 310-970-7702 www.cys.la.org

Inland Valleys Justice Center 877-832-9325 www.ivjc.org

Korean American Coalition 4.29 Dispute Resolution Center 213-365-5999 www.kacla.org

Los Angeles County Department of Consumer Affairs, Dispute Settlement Services 213-974-0825
www.dca.lacounty.gov

Loyola Law School, The Center for Conflict Resolution 213-736-1145 www.lls.edu/ccr

Norwalk Dispute Resolution Program 562-929-5603 www.ci.norwalk.ca.us/socialservices2.asp

Office of the Los Angeles City Attorney, Dispute Resolution Program 213-485-8324
www.atty.lacity.org/mediate

> **THE PROGRAMS LISTED ABOVE DO NOT OFFER LEGAL ADVICE OR HELP YOU RESPOND TO A SUMMONS; HOWEVER, THEY MAY ASSIST IN RESOLVING YOUR PROBLEM THROUGH MEDIATION.**

| NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

☐ Mediation                        ☐ Neutral Evaluation

☐ Arbitration (non-binding)        ☐ Settlement Conference

☐ Arbitration (binding)            ☐ Other ADR Process *(describe)*: _____

| Dated | Name of Stipulating Party<br>☐ Plaintiff    ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|---|
| Dated | Name of Stipulating Party<br>☐ Plaintiff    ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff    ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff    ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff    ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff    ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff    ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff    ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____.

LAADR 001 (Rev. 04-12)
LASC Approved 10-04
For Optional Use

**STIPULATION TO PARTICIPATE IN**
**ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 1

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):                    FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                    (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

_____
(ATTORNEY FOR _____)

> _____
(ATTORNEY FOR _____)

> _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      iii.   Be filed within two (2) court days of receipt of the Request; and

      iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR PLAINTIFF)

> _____
> (ATTORNEY FOR DEFENDANT)

> _____
> (ATTORNEY FOR DEFENDANT)

> _____
> (ATTORNEY FOR DEFENDANT)

> _____
> (ATTORNEY FOR _____)

> _____
> (ATTORNEY FOR _____)

> _____
> (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                       FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

---

LACIV 094 (new)                          **INFORMAL DISCOVERY CONFERENCE**
LASC Approved 04/11                  (pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date:   _____          _____
                                                       JUDICIAL OFFICER

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Darren J. Campbell (SBN 223088)<br>Law Offices of Darren J. Campbell, APC<br>2030 Main Street, Suite 1300<br>Irvine, CA 92614<br>TELEPHONE NO. (949) 260-4901  FAX NO. (949) 271-4046<br>ATTORNEY FOR (Name): William Spear | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>DEC 12 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>SHAUNYA WESLEY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Spear v. Owens & Minor Distribution, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC497342 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive

4. Number of causes of action (specify): Eight (8)

5. This case [ ] is  [✓] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 12, 2012

Darren J. Campbell
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
 Product Liability *(not asbestos or
   toxic/environmental)* (24)
 Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
 Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
   Practice (07)
 Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
 Defamation (e.g., slander, libel)
   (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer
       or wrongful eviction)*
   Contract/Warranty Breach–Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
     Case
 Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
 Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse
   Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
     domain, landlord/tenant, or
     foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
 Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment *(non-
     domestic relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
     harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate
   Governance (21)
 Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
     Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Spear v. Owens & Minor Distribution, Inc. | CASE NUMBER BC497342 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
### STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 5 ___ ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.  For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Spear v. Owens & Minor Distribution, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6 |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Spear v. Owens & Minor Distribution, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2. 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)

LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0

Page 3 of 4

| SHORT TITLE: Spear v. Owens & Minor Distribution, Inc. | CASE NUMBER |
|---|---|

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>455 South Brea Canyon Road |
|---|---|

| CITY: City of Industry | STATE: CA | ZIP CODE: 91789-3058 |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _December 12, 2012_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

# EXHIBIT B

1    MELINDA S. RIECHERT, State Bar No. 65504
    MORGAN, LEWIS & BOCKIUS LLP
2    2 Palo Alto Square
    3000 El Camino Real, Suite 700
3    Palo Alto, CA 94306-2122
    Tel:  650.843.4000
4    Fax:  650.843.4001
    E-mail: mriechert@morganlewis.com

5

6    HIEN NGUYEN, State Bar No. 229794
    MORGAN, LEWIS & BOCKIUS LLP
7    300 South Grand Avenue, Twenty-Second Floor
    Los Angeles, CA  90071-3132
    Tel:  213.612.2500
8    Fax:  213.612.2501
    E-mail: hnguyen@morganlewis.com

9

10   Attorneys for Defendant
    Owens & Minor Distribution, Inc.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 14 2013

John A. Clarke, Executive Officer/Clerk
By
SHAUNYA WESLEY ———, Deputy

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12              COUNTY OF LOS ANGELES

13   WILLIAM SPEAR,

14           Plaintiff,

15       vs.

16   OWENS & MINOR DISTRIBUTION, INC., a
    Virginia corporation; and DOES 1 to 150,
17   inclusive,

18           Defendants.

Case No. BC497342

**ANSWER OF DEFENDANT OWENS & MINOR DISTRIBUTION, INC. TO PLAINTIFF WILLIAM SPEAR'S UNVERIFIED COMPLAINT**

Judge:    Hon. Mary H. Strobel
Dept:     32
Complaint Filed:  December 12, 2012

19

20       Defendant Owens & Minor Distribution, Inc. ("Defendant") hereby responds to the

21   unverified Complaint of Plaintiff William Spear ("Plaintiff") on file herein, as follows:

22                **GENERAL DENIAL**

23       Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant

24   denies, generally and specifically, each and every allegation in Plaintiff's unverified Complaint.

25   Defendant further generally and specifically denies that Plaintiff has been damaged in the sums

26   alleged, or any other sum, or at all, by reason of any act or omission to act on the part of

27   Defendant or any of its agents, servants, employees, or representatives.  Defendant further denies,

28   generally and specifically, that Plaintiff is entitled to general, compensatory, punitive, special, or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 23796711.2

1

Case No. BC497342

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1   other damages, in any amount, by reason of any act or omission to act on the part of Defendant,

2   or on the part of its agents, servants, employees, or representatives.

3       In further answer to Plaintiff's Complaint, and to each and every cause of action therein,

4   Defendant alleges the following separate and affirmative defenses without admitting any burden

5   of proof:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CAUSE OF ACTION)

9       As a separate and affirmative defense to Plaintiff's Complaint and each cause of action

10   contained therein, Defendant alleges that neither the Complaint as a whole nor the causes of

11   action alleged therein state facts sufficient to constitute a cause of action upon which relief can be

12   granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

15       As a separate and affirmative defense to Plaintiff's Complaint and each cause of action

16   contained therein, Defendant alleges that Plaintiff's claims are barred in whole or in part by the

17   applicable statutes of limitations, including, but not limited to California Government Code

18   section 12960, California Code of Civil Procedures sections 335.1, 338 and 340 and California

19   Business and Professions Code section 17208.

### THIRD AFFIRMATIVE DEFENSE
### (WORKERS' COMPENSATION PREEMPTION)

22       As a separate and affirmative defense to Plaintiff's Complaint and each cause of action

23   contained therein, Defendant alleges that Plaintiff's claims are barred in whole or in part because

24   the exclusive remedy for his alleged injuries is an action or a claim under the California Workers'

25   Compensation Act.

### FOURTH AFFIRMATIVE DEFENSE
### (SET-OFF - BENEFITS)

28       As a separate affirmative defense to the first through fourth causes of action Defendant

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 23796711.2

2

Case No. BC497342

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1     alleges that it is entitled to a set-off of any benefits Plaintiff receives or has received from

2     Workers' Compensation or any other benefit plan or source related to the injuries or damages

3     alleged in the Complaint against any award of damages to Plaintiff in this action.

### FIFTH AFFIRMATIVE DEFENSE
### (MIXED MOTIVES)

6        As a separate and affirmative defense to Plaintiff's Complaint and each cause of action

7     contained therein, Defendant alleges that, to the extent discrimination was a motivating factor in

8     the decisions affecting Plaintiff (which Defendant denies), legitimate reasons (standing alone)

9     would have induced Defendant to make the same decisions.

### SIXTH AFFIRMATIVE DEFENSE
### (LEGITIMATE BUSINESS PURPOSE)

12        As a separate and affirmative defense to Plaintiff's Complaint and each cause of action

13     contained therein, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because

14     Defendant had an honest, good faith belief that all decisions with respect to Plaintiff's

15     employment were made by Defendant solely for legitimate, business-related, and non-

16     discriminatory reasons and were reasonably based upon the facts as Defendant understood them.

### SEVENTH AFFIRMATIVE DEFENSE
### (PRIVILEGE/JUSTIFICATION)

19        As a separate and affirmative defense to Plaintiff's Complaint and each cause of action

20     contained therein, Defendant alleges that Plaintiff's claims are barred in whole or in part because

21     Defendant was privileged and justified in acting as it did.

### EIGHTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE)

24        As a separate and affirmative defense to Plaintiff's Complaint and each cause of action

25     contained therein, Defendant is informed and believes and on that basis alleges that by use of

26     diligent effort, Plaintiff could have mitigated his alleged damages, if any.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 23796711.2

3

Case No. BC497342

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

### NINTH AFFIRMATIVE DEFENSE
### (PROMPT REMEDIAL ACTION)

As a separate and affirmative defense to Plaintiff's Complaint and each cause of action contained therein, Defendant alleges that Plaintiff's Complaint, and each cause of action therein, is barred in whole or in part because prompt and appropriate remedial action was taken by Defendant on all behaviors reported or complained of by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE
### (GOOD FAITH)

As a separate and affirmative defense to Plaintiff's Complaint and each cause of action contained therein, Defendant alleges that it made a good faith effort to comply with all applicable laws, and, at all relevant times, has acted reasonably, in good faith and without malice based on all relevant information, facts and circumstances known to Defendant at the time of its actions.

### ELEVENTH AFFIRMATIVE DEFENSE
### (DOCTRINE OF AVOIDABLE CONSEQUENCES)

As a separate and affirmative defense to Plaintiff's Complaint, and each cause of action contained therein, Defendant alleges that Plaintiff's failure to report the alleged discrimination or retaliation, and/or failure to take advantage on a timely basis of any preventative or corrective safeguards, was unreasonable under the circumstances and, more likely than not, would have prevented some, if not all, of Plaintiff's claimed damages from occurring.

### TWELFTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

As a separate and affirmative defense to Plaintiff's Complaint and each cause of action contained therein, Defendant is informed and believes and on that basis alleges that Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands to the extent Plaintiff's alleged damages were caused by his own actions and/or inaction.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (WAIVER)

As a separate and affirmative defense to Plaintiff's Complaint and each cause of action

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 23796711.2

4

Case No. BC497342

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

contained therein, Defendant is informed and believes and on that basis alleges that Plaintiff has waived any rights to relief asserted in his Complaint, including averments of damages purportedly stated therein.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

As a separate and affirmative defense to Plaintiff's Complaint and each cause of action contained therein, Defendant is informed and believes and on that basis alleges that Plaintiff is estopped from maintaining his action, or recovering anything from Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (LACHES)

As a separate and affirmative defense to Plaintiff's Complaint and each cause of action contained therein, Defendant is informed and believes and on that basis alleges that Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (PUNITIVE DAMAGES)

As a separate and affirmative defense to Plaintiff's Complaint and each cause of action contained therein, Defendant alleges that Complaint fails to state facts sufficient to constitute a cause of action upon which punitive damages may be sought.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (EXCESSIVE FINE)

As a separate and affirmative defense to Plaintiff's Complaint and each cause of action contained therein, Defendant alleges that an award of punitive damages under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (AFTER-ACQUIRED EVIDENCE)

As a separate and affirmative defense to Plaintiff's Complaint and each cause of action contained therein, Defendant alleges that, to the extent during the course of this litigation

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 23796711.2

5

Case No. BC497342

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1   Defendant acquires any evidence of wrongdoing by Plaintiff, which wrongdoing would have

2   materially affected the terms and conditions of Plaintiff's employment or would have resulted in

3   Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar

4   Plaintiff on liability or damages or shall reduce such claims as provided by law.

## NINETEENTH AFFIRMATIVE DEFENSE
### (EXCUSE)

7   As a separate and affirmative defense to Plaintiff's Complaint and each cause of action

8   contained therein, Defendant alleges that Plaintiff's claims are barred in whole or in part because

9   Plaintiff's actions or inactions served to excuse any performance by Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE
### (AT-WILL EMPLOYMENT)

12   As a separate and affirmative defense to Plaintiff's Complaint and each cause of action

13   contained therein, Defendant alleges that Plaintiff's Complaint is barred because, at all relevant

14   times, Plaintiff was an at-will employee, subject to termination, with or without cause, and with

15   or without notice.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (ONE SATISFACTION)

18   As a separate and affirmative defense to Plaintiff's Complaint and each cause of action

19   contained therein, Defendant alleges that Plaintiff cannot properly recover damages under

20   multiple or different theories or causes of action for the same or similar alleged acts.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (NO UNDERLYING VIOLATION OF STATE LAW)

23   As a separate and affirmative defense to Plaintiff's Complaint and each cause of action

24   contained therein, Defendant alleges that it is not liable for violation of unlawful business

25   practices pursuant to California Business and Professions Code sections 17200, *et seq.* because it

26   is not liable to Plaintiff for any alleged violation of any underlying state laws.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 23796711.2

6

Case No. BC497342

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (EXEMPTION)

As a separate and affirmative defense to Plaintiff's Complaint and each cause of action contained therein, Defendant alleges that Plaintiff was exempt from the requirements underlying these claims by virtue of one or more of the exemptions contained in the applicable Industrial Welfare Commission Order, including but not limited to the executive exemption and/or the administrative exemption.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (ACCORD AND SATISFACTION, PAYMENT)

As a separate and affirmative defense to Plaintiff's Complaint and each cause of action contained therein, Defendant alleges that Plaintiff's claims, or some of them, are barred in whole or in part by the principles of settlement or accord and satisfaction and payment.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (SET-OFF AND RECOUPMENT)

As a separate and affirmative defense to Plaintiff's Complaint and each cause of action contained therein, Defendant alleges that if any damages have been sustained by Plaintiff, although such is not admitted hereby or herein and is specifically denied, Defendant is entitled under the equitable doctrine of set-off and recoupment of all extra payments or overpayments to offset obligations of the Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (NO INJURY SUFFERED)

As a separate and affirmative defense to Plaintiff's Complaint and each cause of action contained therein, Defendant alleges that Plaintiff's seventh cause of action is not maintainable because Plaintiff has not suffered any injury.

///

///

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 23796711.2

7

Case No. BC497342

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (EXCESSIVE FINES)

As a separate and affirmative defense to Plaintiff's Complaint and each cause of action contained therein, Defendant alleges that an award of penalties against Defendant under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (GOOD FAITH/LACK OF WILLFULNESS)

As a separate and affirmative defense to Plaintiff's Complaint and each cause of action contained therein, Defendant alleges that if Defendant is found to have failed to pay Plaintiff, any amount due, which allegations Defendant denies, Defendant's conduct was not willful because there was a good faith dispute as to whether any wages are due.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (NO ENTITLEMENT TO JURY TRIAL – CERTAIN CLAIMS)

As a separate and affirmative defense to Plaintiff's Complaint and each cause of action contained therein, some or all of the Plaintiffs claims are not entitled to a trial by jury of certain of their claims, including their claim under California Business and Professions Code §§ 17200, *et seq.*.

## THIRTIETH AFFIRMATIVE DEFENSE
### (SUBSTANTIAL COMPLIANCE)

As a separate and affirmative defense to Plaintiff's Complaint and each cause of action contained therein, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Defendant complied with their statutory obligations, and to the extent it is determined that there was non-compliance, Defendant substantially complied with their obligations and are not liable in whole or in part for Plaintiff's causes of action.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (LACK OF KNOWLEDGE)

As a separate and affirmative defense to Plaintiff's Complaint and each cause of action

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 23796711.2

8

Case No. BC497342
DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1  contained therein, Defendant alleges that Plaintiff's claims are barred, in whole or in part, as to all

2  hours allegedly worked of which Defendant lacked actual or constructive knowledge.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (UNDUE HARDSHIP)

5  As a separate and affirmative defense to the First through Third Causes of Action to

6  Plaintiff's Complaint, Defendant alleges that any further disability accommodations would have

7  imposed an undue hardship on Defendant.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
### (PLAINTIFF FAILED TO ENGAGE IN INTERACTIVE PROCESS)

10  As a separate and affirmative defense to the Second and Third Causes of Action to

11  Plaintiff's Complaint, Defendant alleges that Plaintiff failed to engage in good faith in the

12  interactive process with Defendant..

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (INABILITY TO PERFORM DUTIES)

15  As a separate affirmative defense to the Second and Third Cause of Action Defendant

16  alleges that Plaintiff was unable to perform his essential job duties even with reasonable

17  accommodations.

### RESERVATION OF RIGHTS

19  Defendant has not yet completed a thorough investigation and study or completed

20  discovery of all facts and circumstances of the subject matter of the Complaint, and accordingly,

21  reserves its right to amend, modify, revise, or supplement this Answer, and to plead such further

22  defenses and take such further actions as it may deem proper and necessary in Defendant's

23  defense upon the completion of said investigation and study.

24  WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

25  1.  That Plaintiff takes nothing by this action;

26  2.  That judgment be entered in favor of Defendant and against Plaintiff on all causes

27  of action;

28  3.  That Defendant be awarded its costs of suit incurred herein;

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Palo Alto

DB2/ 23796711.2                                    9                        Case No. BC497342

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1        4.     That Defendant be awarded its attorneys' fees according to proof; and

2        5.     That the Court award Defendant such other and further relief as the Court may

3  deem just and proper.

4  Dated: January 14, 2013           MORGAN, LEWIS & BOCKIUS LLP
                           MELINDA S. RIECHERT

5                            HIEN NGUYEN

6                       By

7                       Hien Nguyen

8                       Attorneys for Defendant
                       Owens & Minor Distribution, Inc.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 23796711.2             10              Case No. BC497342

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.

On January 14, 2013, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**ANSWER OF DEFENDANT OWENS & MINOR DISTRIBUTION, INC. TO PLAINTIFF WILLIAM SPEAR'S UNVERIFIED COMPLAINT**

in a sealed envelope, postage fully paid, addressed as follows:

Darren J. Campbell
Law Offices of Darren J. Campbell
2030 Main Street, Suite 1300
Irvine, CA 92614
Tel: 949.260.4901
Fax: 949.271.4046

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

Executed on January 14, 2013, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Caridad F. Frutos_
Caridad F. Frutos

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

DB2/ 23796711.2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV13- 360 MMM (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| **I (a) PLAINTIFFS**   (Check box if you are representing yourself ☐ ) | **DEFENDANTS** |
|---|---|
| WILLIAM SPEAR, | OWENS & MINOR DISTRIBUTION, INC., a Virginia corporation; and DOES 1 to 150, inclusive |

| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Darren J. Campbell (SBN 223088)<br>Law Offices of Darren J. Campbell<br>2030 Main Street, Suite 1300<br>Irvine, CA, 92614<br>Tel: 949-260-4901<br>(See Attachment A) | Hien Nguyen (SBN 229794)<br>Morgan, Lewis & Bockius LLP<br>300 South Grand Ave., 22nd Floor<br>Los Angeles, CA, 90071<br>Tel: 213-612-2500<br>(See Attachment A) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No       ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Sections 1332, 1441, and 1446 Removal based on diversity jurisdiction.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: **CV13-00360**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  
[ ] A. Arise from the same or closely related transactions, happenings, or events; or  
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or  
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or  
[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Commonwealth of Virginia |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_  Date January 16, 2013

HIEN NGUYEN

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## ATTACHMENT A

Additional Attorneys for Plaintiff

Robert L. Starr (SBN 183052)
robert@starrlawmail.com
THE LAW OFFICE OF ROBERT L. STARR
23277 Ventura Blvd.
Woodland Hills, CA  91364-1002
Tel:  818.225.9040
Fax:  818.225.9042


Additional Attorneys for Defendant

Rebecca Eisen, (SBN 96129)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California  94105
Telephone:  415.442.0900
Facsimile:   415.442.1001